J-S25005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ALFONZO BANKS | |
| Appellant | No. 1777 MDA 2018 |

Appeal from the Order entered September 24, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000837-2014

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.                    **FILED JULY 29, 2019**

Appellant, Robert Alfonzo Banks, appeals *pro se* from the September 24, 2018 order entered in the Court of Common Pleas of Dauphin County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred by dismissing his petition without a hearing and asks us to consider whether PCRA counsel was ineffective.  Following review, we affirm.

In its Memorandum Opinion and Order, the PCRA court provided the following factual and procedural history:

On March 9, 2014, [Appellant] pled guilty pursuant to a negotiated plea agreement to the following facts:

[Prosecutor]: On October 25th of 2013, there were Harrisburg officers in the area of District 5 at a gas station . . . for a disturbance incident.  They had taken an individual into custody for that incident.  The individual in custody was in the police car

yelling to an unidentified male in the parking lot. **That individual was identified as Robert Banks. He was recognized by officers as having a potential warrant out for his arrest.** He was approached. At that time he had gotten into the passenger side of a vehicle.

**Mr. Banks asked the officers what they were doing. They told him they believed that he had a warrant out for his arrest and they explained that he was going to be detained until that was confirmed.**

As one of the Harrisburg officers grabbed Mr. Banks' arm, Mr. Banks pushed him away and attempted to flee. Another officer grabbed Mr. Banks and a struggle ensued. At that time one of the officers did see a gun on Mr. Banks' person.

He was able to be taken to the ground with a leg sweep, and at that time a gun came out of Mr. Banks' waistband. He was taken into custody at that time.

**As a result of those facts, sir, you are charged with carrying a firearm without a license and resisting arrest. How are you pleading to those offenses again?**

**[Appellant]: Guilty.**

(Notes of Testimony, Guilty Plea and Sentencing, 3/9/15, at 14.)

The court sentenced [Appellant] as follows:

> Count 1 (Firearms Not To Be Carried Without a License) - 4½ to 9 years incarceration in a state [correctional institution.]
>
> Count 2 (Resisting Arrest) - 1 to 2 years incarceration in a state correctional institution concurrent with Count 1.

The Commonwealth withdrew [the remaining counts].

[Appellant] filed no appeal. On April 27, 2015, the court denied [Appellant's] request for credit for time served in connection with an unrelated docket. [The court subsequently granted a motion to modify and] granted time credit from October 25, 2013 to March 9, 2015.

Memorandum Opinion and Order, 5/23/18, at 1-3 (emphasis added) (some capitalization omitted).

On March 7, 2016, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed on March 17, 2016. Nevertheless, Appellant filed a *pro se* amended petition on June 6 and again on July 14, 2016, this time with a request for a ***Grazier***[1] hearing. On each occasion, the court entered an order indicating the *pro se* amended petition would not be considered because Appellant was represented by counsel.

Ultimately, on March 22, 2017, counsel was permitted to withdraw. On the following day, the court entered an order acknowledging withdrawal of appointed counsel and entry of appearance by new counsel. The court also granted Appellant's motion to withdraw his request for a ***Grazier*** hearing. New counsel filed a "Second Amended Petition" on October 2, 2017. While counsel indicated Appellant's March 7, 2016 and July 14, 2016 petitions were incorporated by reference in counsel's filing, the only issue explored within the body of the second amended petition was a claim of plea counsel ineffectiveness for failing to file a motion to suppress. The Commonwealth filed its response on March 8, 2018.

By opinion and order entered on May 23, 2018, the PCRA court reviewed the guilty plea proceedings and determined Appellant entered a knowing and

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

intelligent guilty plea. Memorandum Opinion and Order, 5/23/18, at 3-5. The court considered the assertion that plea counsel was ineffective for failing to file a motion to suppress based on an allegedly improper stop and arrest. The court concluded Appellant "entered a knowing and intelligent plea [and] may not now assert that his counsel was ineffective in refraining from filing a motion to suppress evidence." *Id.* at 5-6. In its order, the court announced its conclusion that no genuine factual issues existed, that Appellant was not entitled to PCRA relief, and that no purpose would be served by further proceedings. *Id.* at 6. The court advised Appellant of its intention to dismiss the petition in accordance with Pa.R.Crim.P. 907, absent any objection filed within 20 days. *Id.*

Nearly four months later, on September 19, 2018, Appellant filed a *pro se* response to the notice. By order entered on September 24, 2018, the PCRA court dismissed Appellant's petition, noting the lack of any timely response to the Rule 907 notice.[2] Appellant timely filed a *pro se* notice of appeal.

Because PCRA counsel was noted as counsel of record with this Court, counsel filed a petition for leave to withdraw, representing that Appellant filed the appeal without assistance from counsel, that Appellant no longer desired the services of counsel, and that the attorney-client relationship was

---

[2] By separate order entered the same day, the PCRA court advised that it would not consider Appellant's *pro se* response to the court's Rule 907 notice because Appellant was represented by counsel of record.

- 4 -

irretrievably broken. In response, we remanded to the PCRA court for a hearing to determine whether Appellant wanted to proceed with counsel, with new counsel, or *pro se*. Following a hearing, the PCRA court determined that Appellant wished to proceed *pro se* and, following a **Grazier** hearing, determined his waiver of counsel was knowing, intelligent, and voluntary. The court determined counsel should be permitted to withdraw and Appellant should be permitted to proceed *pro se*. Order, 3/1/19, at 1.

On April 1, 2019, Appellant filed a Rule 1925(b) statement in which he asserted two "errors":

1. Did the lower court err by dismissing the PCRA petition without a hearing?

2. Was PCRA counsel ineffective?

Appellant's Rule 1925(b) Statement, 4/1/19, at 1. The PCRA court filed a statement in response, indicating that the reasons for dismissing Appellant's petition were set forth in the court's May 23, 2018 memorandum opinion and finding that Appellant's claim of PCRA counsel ineffectiveness could not be raised in this appeal. PCRA Rule 1925(a) Statement, 4/10/19, at 1.

In his *pro se* brief filed with this Court, Appellant asks us to consider the same two issues presented in his Rule 1925(b) statement, *i.e.*,:

1. Did the lower court err by dismissing the PCRA petition without a hearing?

2. Was PCRA counsel ineffective?

Appellant's Brief at 4 (some capitalization omitted).

Our standard of review from the denial of PCRA relief is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). With regard to the scope of our review, we are "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

We first address the sufficiency of Appellant's Rule 1925(b) statement of errors complained of on appeal. As this Court recently reiterated:

> "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, [] 778 A.2d 683, 686–87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues [a]ppellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, [] 809 A.2d 908, 911 (Pa. Super. 2002).

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018). Further, as our Supreme Court first instructed more than twenty years ago, "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

We recognize that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citing *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.

Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* (citing *Commonwealth v. Rivera*, 685 A.2d 1011 (Pa. Super. 1996)). In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to discern the issues an appellant intends to pursue on appeal and to enable the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a). Appellant's Rule 1925(b) statement fails in this regard.

Here, Appellant has simply suggested his petition was improperly dismissed without a hearing and that PCRA counsel was ineffective. With respect to the first of those claims, it is clear the PCRA court addressed its reasons for dismissing the petition in its May 23, 2018 memorandum opinion, and specifically addressed the suppression issue. While Appellant contends in his brief that the court erred by failing to address additional issues presented in his PCRA petition, he did not identify any of those issues in his Rule 1925(b) statement. Just as in *Commonwealth v. Johnson*, 51 A.3d 237 (Pa. Super. 2012) (*en banc*), the PCRA court here likely—and appropriately—surmised from Appellant's vague Rule 1925(b) statement that Appellant was raising only the suppression issue, the sole issue examined in the court's May 23, 2018 memorandum. Appellant had the benefit of the court's memorandum when he filed his Rule 1925(b) statement. Nevertheless, his Rule 1925(b)

statement was silent as to any specific issues Appellant desired to challenge on appeal. Raising them in a brief cannot save them from waiver. *Id.* at 247. As for his blanket assertion that PCRA counsel was ineffective, that claim is likewise waived. *See* Pa.R.A.P. 1925(b)(4)(ii).

Even if we did not find Appellant's issues waived, they would nonetheless fail for lack of merit. In his Rule 1925(b) statement and in his brief, Appellant challenges the PCRA court's dismissal of his petition without an evidentiary hearing. "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted).

As noted above, the PCRA court addressed the evidentiary hearing issue in terms of Appellant's argument that plea counsel was ineffective for failing to file a motion to suppress. Memorandum Opinion and Order, 5/23/18, at 3-6. Again, we review the PCRA court's findings of fact to determine whether they are supported by the record and review its conclusions of law to determine whether they are free from legal error. *Spotz*, 84 A.3d at 311.

Further, we are "limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

As our Supreme Court has instructed:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007) (citations omitted). The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. *Id.* Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. *Id.*

Appellant contends the arresting officers mistakenly believed there was an outstanding warrant for Appellant's arrest. Therefore, he argues, his stop and subsequent arrest were improper. As a result, the evidence obtained, *i.e.*, his gun, should have been suppressed and counsel was ineffective for failing to file a motion to suppress that evidence.

Our Supreme Court has recognized that failure to file a suppression motion constitutes ineffectiveness only when such a motion is of arguable merit. *Commonwealth v. Wayne*, 720 A.2d 457, 469 (Pa. 1988). As the facts were presented at Appellant's guilty plea hearing, two Harrisburg officers responded to a disturbance incident on October 25, 2013 and had taken an

individual into custody when that individual yelled to a second man who was in a nearby parking lot. The officers recognized that second man as Appellant, whom they believed had a warrant out for his arrest. The officers approached Appellant, who by then had entered the passenger's side of a parked car. Appellant asked what they were doing and the officers explained they believed there was a warrant for Appellant's arrest and they were going to detain him until that could be confirmed. "As one of the Harrisburg officers grabbed [Appellant's] arm, [Appellant] pushed him away and attempted to flee. Another officer grabbed [Appellant] and a struggle ensued. At that time one of the officers did see a gun on [Appellant's] person." Notes of Testimony, Guilty Plea Hearing, 3/9/15, at 13-14. Based on the facts as presented, we agree with the Commonwealth's conclusion that the stop and search of Appellant was justified and counsel had no basis upon which to attempt to suppress the evidence. Commonwealth Brief at 6.

Interestingly, Appellant was quite vocal during the course of his hearing, disputing various charges originally brought against him that were subsequently dismissed in the course of the hearing. Notes of Testimony, Guilty Plea Hearing, 3/9/15, at 3-5. He then answered the questions posed to him about his plea and his written colloquy, and acknowledged he

understood the rights he was giving up by entering his plea. *Id.* at 6-13.[3]

Yet, when the prosecutor provided the factual background leading to the

arrest, Appellant did not challenge the assertion—stated twice—that the

arresting officers approached Appellant because they believed there was an

open warrant for Appellant's arrest.

Appellant complains the judge should not have accepted the plea

because the lack of an open warrant eliminated the basis for approaching

Appellant in the first place. However, Appellant never advised the court that

there was no longer an open warrant for his arrest as of date of the encounter

or that the belief under which the officers acted was, in fact, incorrect.[4]

Regardless, under the facts as presented, we conclude the officers acted

reasonably in advising Appellant he would be detained until the status of his

_____

[3] As the PCRA court observed, by pleading guilty, Appellant acknowledged he was waiving the right to raise defenses. Memorandum Opinion and Order, 5/23/18, at 5 (quoting Notes of Testimony, Guilty Plea and Sentencing, 3/9/15, at 9).

[4] In his *pro se* reply brief, Appellant offers an excerpt from an October 2013 bail hearing. In the quoted excerpt, one of the arresting officers acknowledged he was unaware that the warrant in question had been served in August, prior to Appellant's arrest. Appellant's Reply Brief at 5 (unnumbered). However, that transcript is not part of the record before us and we shall not consider it. We note that Appellant identified Judge Dowling as the judge who presided over the bail hearing. The Honorable John F. Cherry presided over both the guilty plea hearing and the PCRA proceedings, both of which were silent as to service of the warrant.

warrant was determined and in attempting to conduct a pat down.[5] Therefore, we also conclude there was no basis for suppressing the evidence of the gun observed in the waistband of Appellant's pants. Because Appellant's claim lacks arguable merit, Appellant cannot satisfy the first prong of the ineffectiveness test. Therefore, even if not waived, Appellant's first issue would fail on the merits.

Appellant next contends PCRA counsel was ineffective. The PCRA court appropriately refused to consider this contention. Order, 4/10/19, at 1. "[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (citations omitted). Therefore, as with his first issue, even if it were not waived, Appellant's second issue affords him no basis for relief.

Order affirmed.

---

[5] In the course of evaluating the level of interaction between a police officer and a citizen to determine whether a seizure occurred, "courts conduct an objective examination of the totality of the surrounding circumstances." *Commonwealth v. Lyles*, 97 A.3d 298, 302 (Pa. 2014). "[T]he inquiry must simply focus on whether the relevant *facts and circumstances* within the arresting officer's knowledge are sufficient to lead any person of reasonable caution to conclude that an offense has been or is being committed, based on a '*probability*, and not a _prima facie_ showing, of criminal activity.'" *Commonwealth v. Martin*, 101 A.3d 706, 722 (Pa. 2014) (quoting *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (additional citation omitted) (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2019